Filed 5/20/24  P. v. Dearborn CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK CHRISTOPHER DEARBORN,<br><br>    Defendant and Appellant. | D082877<br><br><br>(Super. Ct. No. SCD299446) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Mark Christopher Dearborn, in pro. per.; and Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mark Christopher Dearborn entered into a plea agreement representing himself.  He pleaded guilty to a violation of Penal Code[1] section 417.8 (exhibiting a deadly weapon to a police officer to resist arrest).  Dearborn also admitted the use of a deadly weapon.  The prosecution agreed

---

[1]    All statutory references are to the Penal Code.

to not oppose local custody, with credit for time served and dismissal of the remaining counts and allegations.

The court suspended the imposition of sentence and granted two years formal probation, subject to a number of conditions.

Dearborn filed a timely notice of appeal. His request for a certificate of probable cause was denied.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*.

We offered Dearborn the opportunity to file his own brief on appeal. Has responded by filing over 100 pages of briefing and exhibits. The vast bulk of the filing has nothing to do with potential issues in this case. Dearborn's own description of his filing is well stated in the caption to his "brief" as follows: "APPELLANT'S SUPPLEMENTAL BRIEF TO APPOINTED COUNSEL'S *WENDE* BRIEF; DIRECT APPEAL, PRO FORMA – AUDITA QUELERA & PETITION FOR: EXTRAORDINARY WRITS, IN THE NATURE OF: MANDAMUS, PROHIBITION & QUO WARRANTO; A QUASI-QUI TAM BILL OF PARTICULARS & ACTION IN EQUITY."

We have endeavored to review the material. We find nothing presented by Dearborn on his own behalf raises any arguable issues for reversal on appeal.

## STATEMENT OF FACTS

This appeal is from a guilty plea. Dearborn's statement to the court admitted he exhibited a deadly weapon at a police officer to prevent his arrest.

## DISCUSSION

As we have noted, appellate counsel has submitted a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified several possible issues for our consideration.

1.      Whether the trial court erred in issuing a stay-away order from 515 Washington Street.

2.      Whether the trial court erred in imposing a condition of probation requiring Dearborn to take psychotropic medication as prescribed by his doctor.

3.      Whether the condition requiring Dearborn not to possess controlled substances was invalid to the extent it would prevent him from using medically prescribed marijuana.

4.      Whether the court erred in finding Dearborn had the ability to pay fines and fees as ordered by the trial court.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Dearborn on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


RUBIN, J.

4